IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL GANTT and EDNA GANTT,<br><br>           Plaintiffs,<br><br>     vs.<br><br>LEGACY MORTGAGE and JOE KING,<br><br>           Defendants. | CIVIL NO. 24-00113 HG-WRP<br><br>FINDINGS AND RECOMMENDATION TO (1) DENY PLAINTIFFS' APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES AND (2) DIRECT PLAINITFFS TO PAY FILING FEE |

FINDINGS AND RECOMMENDATION TO (1) DENY PLAINTIFFS' APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES AND (2) DIRECT PLAINITFFS TO PAY FILING FEE

On March 8, 2024, Plaintiffs Paul and Edna Gantt filed their Complaint in this action.[1]  On March 21, 2024, this Court entered its Findings and Recommendation to (1) Deny Without Prejudice Application to Proceed Without Prepayment of Fees or Costs; and (2) Dismiss Complaint with Leave to Amend, ECF No. 5, which was adopted by the District Judge on April 5, 2024.  See ECF

---

[1] On the same date, Plaintiffs filed several other complaints in the following cases:  Gantt, et al. v. Dimon (Civil No. 24-00108 DKW-RT); Gantt, et al. v. Bilcich, et al. (Civil No. 24-00111 DKW-KJM); Gantt, et al. v. Watanabe (Civil No. 24-00113 MWJS-KJM); Gantt, et al. v. Penny Mac, et al. (Civil No. 24-00114 DKW-RT); Gantt, et al. v. Penny Mac Corp, et al. (Civil No. 24-00115 MWJS-WRP); Gantt, et al. v. TMLF Hawaii LLC, et al. (Civil No. 24-116 DKW-KJM); and Gantt, et al. v. Director of FBI (Civil No. 24-00117 LEK-WRP).

No. 7.  The March 21, 2024 Findings and Recommendation also denied Plaintiff Paul Gantt's Application to Proceeds Without Prepayment of Fees and Costs because the Application was incomplete.  See Findings and Recommendation, ECF No. 5 at 3.  The Court also directed Plaintiffs that if they wanted to proceed without prepayment of fees, both Plaintiff Paul Gantt and Plaintiff Edna Gantt must file new Applications.  See Findings and Recommendation, ECF No. 5 at 3 (citing Gomes v. Hawaii, No. CV 20-00494 JAO-KJM, 2020 WL 6880832, at *6 (D. Haw. Nov. 23, 2020) (where, as here, "there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee.")).

Although Plaintiffs did not file new Applications as directed, Plaintiffs filed several letters addressed to the Court that contained information regarding Plaintiffs' income and expenses.  See ECF Nos. 9-16.  Because Plaintiffs' letters contained information regarding Plaintiffs' income, see ECF No. 13, the Court construed them as Plaintiffs' Applications, and issued a decision denying Plaintiffs' Applications.  Plaintiff Paul Gantt filed a letter on July 19, 2024, which contained additional information regarding Plaintiffs' income and expenses.  See Ltr., dated 7/16/2024, ECF No. 25.  On July 31, 2024, the Court granted reconsideration of its prior decision.  See Order Regarding Plaintiff's Letter Dated July 19, 2024, ECF No. 26.

After careful consideration of Plaintiffs' submissions and the record in the action, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiffs' Applications.[2]

## DISCUSSION

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. See 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).

First, Plaintiffs did not file separate applications as directed by the Court in its March 21, 2024 Findings and Recommendation.

Second, Plaintiffs have failed to show an entitlement to proceed without prepaying the filing fee and other costs of this action. Plaintiffs represent that their expenses include $154 per month for storage; $307 per month for a loan; $350 per month in rent; $600 per month for food, cable, and gas; $600 per month

---

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

for Plaintiff Edna Gantt's medical expenses; and $400 per month for childcare. See Ltr., dated 4/16/2024, ECF No. 13-1, at 2; Ltr., dated 7/16/2024, ECF No. 25-1, at 1. Plaintiffs' total monthly expenses are therefore $2,411. Plaintiffs further represent that Plaintiff Paul Gantt receives $4,392.25[3] in monthly entitlements as a veteran and $1,273.00 in monthly Social Security benefits. See Ltr., dated 7/16/2024, ECF No. 25-2, at 3 and ECF No. 25-3 at 2. Plaintiffs therefore receive $5,665.25 in income per month before expenses. Based on the information provided by Plaintiffs, they have a monthly income of approximately $3,254.25 after expenses ($5,665.25 minus $2,411).

The Court FINDS that Plaintiffs have sufficient income to pay the filing fee and other costs of this action while still affording the necessities of life, see Escobedo, 787 F.3d at 1234, and, therefore, the Court RECOMMENDS that the district court DENY Plaintiffs' Applications. Because Plaintiffs have already been afforded a several opportunities to show that they are entitled to proceed without prepayment of fees or costs and have failed to do so, the Court RECOMMENDS that the district court decline to grant Plaintiffs leave to submit another Application and direct Plaintiffs to pay the required within thirty (30) days

---

[3] Although the document provided by Plaintiffs does not provide a current entitlement amount, construing this documentation in the light most favorable to Plaintiffs, it appears that Plaintiff Paul Gantt receives $4,392.25 per month as of December 1, 2023. See Ltr., ECF No. 13-4 at 1.

from the date that this Findings and Recommendation is acted upon by the district court and WARN Plaintiffs that failure to do so will result in the automatic dismissal of this action.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiffs' Applications to Proceed Without Prepayment of Fees be DENIED. Further, the Court RECOMMENDS that the district court decline to grant Plaintiffs leave to submit another Application, DIRECT Plaintiffs to pay the required within thirty (30) days from the date that this Findings and Recommendation is acted upon by the district court, and WARN Plaintiffs that failure to do so will result in the automatic of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 31, 2024.



_____
Wes Reber Porter
United States Magistrate Judge

**GANTT, ET AL. v. LEGACY MORTGAGE, ET AL.; CIVIL NO. 24-00113 HG-WRP; FINDINGS AND RECOMMENDATION TO (1) DENY PLAINTIFFS' APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES AND (2) DIRECT PLAINITFFS TO PAY FILING FEE**