IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL GANTT and EDNA GANTT, | ) CIVIL NO. 24-00113 HG-WRP |
| | ) |
| Plaintiffs, | ) FINDINGS AND |
| | ) RECOMMENDATION TO |
| vs. | ) DISMISS THIS ACTION |
| | ) WITHOUT PREJUDICE |
| LEGACY MORTGAGE and JOE KING, | ) |
| | ) |
| | ) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO
DISMISS THIS ACTION WITHOUT PREJUDICE[1]

Plaintiffs' Complaint was dismissed with leave to amend on April 5, 2024. See Order Adopting Magistrate Judge's Findings and Recommendation to (1) Deny Without Prejudice Application to Proceed Without Prepayment of Fees or Costs, (2) Dismiss Complaint with Leave to Amend (ECF No. 5); and Denying the Relief Requested by Plaintiffs in Their Filing of March 27, 2024 (ECF No. 6), ECF No. 7. Pursuant to that Order, Plaintiffs were given 45 days from the date of the

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Order to file an amended complaint.  See id.; see also Findings and Recommendation to (1) Deny Without Prejudice Application to Proceed Without Prepayment of Fees or Costs; and (2) Dismiss Complaint with Leave to Amend, ECF No. 5.  Accordingly, Plaintiffs should have filed their amended complaint on or before May 20, 2024.

Although Plaintiffs have filed many documents on the docket since that time, Plaintiffs have not filed an amended complaint.

On September 11, 2024, the Court issued a Minute Order noting Plaintiffs' failure to file an amended complaint and directed Plaintiffs to file an amended complaint no later than October 7, 2024.  See Minute Order, ECF No. 41.  The Court warned Plaintiffs that if an amended complaint was not filed by that date, the Court would recommend that this case be dismissed for failure to prosecute.  See id.  To date, Plaintiffs have not filed an amended complaint.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b).  Rule 41(b) grants courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders.  See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984); Kriege v. State of Haw. Consumer Prot. Div., 2017 WL 2703771, at *2 (D. Haw. June 2, 2017), *adopted*

*by*, 2017 WL 2695286 (D. Haw. June 22, 2017).

The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) *as amended* (May 22, 1992)).

Here, dismissal is appropriate given Plaintiffs' failure to comply with the Court's prior orders directing Plaintiffs to file an amended complaint.  Copies of the Court's prior orders were mailed to Plaintiffs at the address provided by Plaintiffs.  See Court's Certs. Of Service, ECF Nos. 5, 7, 27, 40, 41.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending for seven months and Plaintiffs have failed to file the required amended complaint addressing the deficiencies identified by the Court.  Second, the court's need to manage its docket weighs strongly in favor of dismissal because Plaintiffs' failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket.  Plaintiffs have taken no action to advance this case since the Court noted Plaintiffs'

3

failure to file an amended complaint.  See Minute Order dated 9/11/2024, ECF No. 41.  Third, the risk of prejudice to Defendants weighs in favor of dismissal.  Plaintiffs' inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the resolution of this case.  See Pagtalunan, 291 F.3d at 642 (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic sanctions are not appropriate given Plaintiffs' failure to comply with the Court's prior orders.  It would be futile to recommend a lesser sanction because it would not compel Plaintiffs to take the necessary steps to comply with the Court's prior orders or prosecute this action.  Accordingly, this factor supports dismissal.  Finally, although public policy generally favors disposition on the merits, because four of the factors weigh in favor of dismissal, and under the particular facts of this case, the Court concludes that dismissal is appropriate.  However, the Court finds that Plaintiff's failures do not provide sufficient grounds to support dismissal with prejudice.  Although the factors weigh in favor of dismissal, they do not weigh "strongly" in favor of dismissal.  See In re Lagmay, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, 671 F. App'x 1001 (9th Cir. 2016) (concluding that dismissal with prejudice is appropriate when at least three of the factors weighed "strongly" in support of dismissal).  Accordingly, although the Court FINDS that dismissal is appropriate, this Court RECOMMENDS that the district court dismiss this action without prejudice.

CONCLUSION

The Court FINDS AND RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b). Further, given Plaintiffs' pro se status and the fact that Plaintiffs have not filed an amended complaint, the Court RECOMMENDS that the Clerk's Office refund to Plaintiffs the $405 filing fee paid on August 14, 2024.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 16, 2024.



Wes Reber Porter
United States Magistrate Judge

**GANNT, ET AL. v. LEGACY MORTGAGE, ET AL.; CIVIL NO. 24-00113 HG-WRP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE**